IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| DEVORIS WILLIAMS, #213 941, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | CIVIL ACTION NO.: 2:16-CV-873-MHT [WO] |
| JOHN CROW, *et al.*, | ) ) | |
| Defendant. | ) | |

**ORDER AND RECOMMENDATION OF THE MAGISTRATE JUDGE**

Plaintiff, an inmate incarcerated at the Donaldson Correctional Facility in Bessemer, Alabama, files this 42 U.S.C. § 1983 action against Warden John Crow, Lieutenant William Tate, and Sergeant Javon Scanterbury. He alleges that while he was incarcerated at the Staton Correctional Facility in Elmore, Alabama, in August of 2016, he received a disciplinary for fighting with a weapon, a violation of Rule #910. Plaintiff complains that imposition of the disciplinary violated his rights to due process and equal protection and subjected him to cruel and unusual punishment.[1] He seeks injunctive relief and damages.[2]  Docs. 1, 4.

Upon review, the court concludes that dismissal of this case prior to service of process is appropriate under 28 U.S.C. § 1915(e)(2)(B).[3]

---

[1] Plaintiff filed a pleading on February 21, 2017, captioned "Supporting Evidence of Claim," which the court considers as a supplement to the complaint. Doc. 4.

[2] The transfer or release of a prisoner renders moot claims for injunctive or declaratory relief. *See County of Los Angeles v. Davis*, 440 U.S. 625, 631 (1979).

[3] The court granted Plaintiff's request for leave to proceed *in forma pauperis*. Doc. 3. A prisoner who is allowed to proceed *in forma pauperis* in this court will have his complaint screened in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B). This screening procedure requires the court to dismiss a prisoner's civil action prior to service of process if it determines that the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

# I. DISCUSSION

On August 25, 2016, Plaintiff received notice of a disciplinary infraction for violating Rule #910, fighting with another inmate. The circumstances for issuance of the disciplinary indicated that on August 23, 2016, Plaintiff stabbed another inmate with an unknown object causing the inmate multiple injuries. Following a disciplinary hearing on August 26, 2016, the hearing officer found Plaintiff guilty of violating Rule #910 and sanctioned him to forty-five days' loss of outside, telephone, visiting, and canteen privileges, thirty days in disciplinary segregation, and a recommendation for a custody review. Doc. 4 at 5-6.

## A. Equal Protection

Although another inmate was involved in the August 23, 2106, incident with Plaintiff, he complains that only he received a disciplinary, placement in segregation, and a reclassification to close custody. The other inmate, according to Plaintiff, received treatment for his injuries and was then released to population. Plaintiff maintains that this disparity in treatment violated his right to equal protection. Docs. 1, 4.

To establish a claim of discrimination cognizable under the Equal Protection Clause, "a prisoner must demonstrate that (1) he is similarly situated to other prisoners who received more favorable treatment; and (2) the state engaged in invidious discrimination against him based on race, religion, national origin, or some other constitutionally protected basis. *Jones v. Ray*, 279 F.3d 944, 946-47 (11th Cir. 2001); *Damiano v. Florida Parole and Prob. Comm'n*, 785 F.2d 929, 932-33 (11th Cir. 1986)." *Sweet v. Secretary, Department of Corrections*, 467 F.3d 1311, 1318-1319 (11th Cir. 2006). "[O]fficial action will not be held unconstitutional solely because it results in a … disproportionate impact… . [An allegation] of ... discriminatory intent or purpose [related to a constitutionally protected interest] is required to [set forth] a violation of the Equal Protection

2

Clause." *Village of Arlington Heights v. Metropolitan Housing Development Corp.*, 429 U.S. 252, 264-265 (1977). "'Discriminatory purpose' … implies more than intent as volition or intent as awareness of consequences. It implies that the decision maker … selected … a particular course of action at least in part 'because of,' not merely 'in spite of,' its adverse effects upon an identifiable group." *Personnel Administrator of Massachusetts v. Feeney*, 442 U.S. 256, 279 (1979) (footnote and citation omitted); *see also Hernandez v. New York*, 500 U.S. 352, 359 (1991). Where Plaintiff challenges actions of a correctional official, exceptionally clear proof of discrimination is required. *Fuller v. Georgia Bd. of Pardons and Paroles*, 851 F.2d 1307, 1310 (11th Cir. 1988). Mere differential treatment of similarly situated inmates, without more, fails to allege a violation of the Equal Protection Clause. *E & T Realty Company v. Strickland*, 830 F.2d 1107 (11th Cir. 1987); *McKleskey v. Kemp*, 481 U.S. 279, 292 (1987) (claims of mere disparity of treatment are insufficient to establish discrimination).

Plaintiff fails to meet his pleading burden, as he does not allege Defendants subjected him to adverse treatment based on some constitutionally impermissible reason; rather, he simply makes the conclusory assertion that differential treatment resulted in an equal protection violation. To the extent that Plaintiff regards as actionable unequal treatment the fact that the other inmate involved in the August 23, 2016, incident did not receive the same punishment and/or sanctions as the basis for his claim, as explained, the mere differential treatment of inmates fails to violate the Equal Protection Clause. *E & T Realty*, *supra*.

Based on the foregoing, the court concludes that Plaintiff's claim of discrimination does not rise to the level of an equal protection violation. Therefore, it provides no basis for relief in this 42 U.S.C. § 1983 action and is subject to dismissal under 28 U.S.C. § 1915(e)(2)(B)(ii).

## B. Due Process

Plaintiff alleges a violation of his right to due process because his disciplinary notice reflects there were two arresting officers, but only one appeared at the hearing.[4] He further alleges he could not ask questions of the arresting officer present at the hearing. Doc. 1 at 3, Doc. 1-1 at 1, Doc. 4 at 1-2.

An essential element of a complaint filed under § 1983 is that the conduct complained of deprived Plaintiff of rights, privileges or immunities secured by the Constitution or laws of the United States. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Parratt v. Taylor*, 451 U.S. 527 (1981). Here, Plaintiff's allegations of due process violations regarding his disciplinary notice and during the disciplinary hearing entitle him to no relief. The Supreme Court has identified two circumstances in which a prisoner, an individual already deprived of his liberty in the ordinary sense, can be further deprived of his liberty such that due process is required.

> The first is when a change in a prisoner's conditions of confinement is so severe that it essentially exceeds the sentence imposed by the court. *See Sandin v. Conner*, 515 U.S. 472, 484, 115 S.Ct. 2293, 2300, 132 L.Ed.2d 418 (1995); *see, e.g., Vitek v. Jones*, 445 U.S. 480, 492-93, 100 S.Ct. 1254, 1263-64, 63 L.Ed.2d 552 (1980) (holding that a prisoner is entitled to due process prior to being transferred to a mental hospital). The second is when the state has consistently given a certain benefit to prisoners (for instance, via statute or administrative policy), and the deprivation of that benefit 'imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life.' *Sandin*, 515 U.S. at 484, 115 S.Ct. at 2300; *see, e.g., Wolff v. McDonnell*, 418 U.S. 539, 558, 94 S.Ct. 2963, 2976, 41 L.Ed.2d 935 (1974) (prisoners may not be deprived of statutory 'good-time credits' without due process); *cf. Dudley v. Stewart*, 724 F.2d 1493, 1497-98 (11th Cir. 1984) (explaining how the state creates liberty interests). In the first situation, the liberty interest exists apart from the state; in the second situation, the liberty interest is created by the state.

*Bass v. Perrin*, 170 F.3d 1312, 1318 (11th Cir. 1999).

---

[4] Plaintiff's evidence does not support his contention that his disciplinary report shows that there were two arresting officers. Rather, the disciplinary report reflects Defendant Tate was the arresting officer. His testimony at the disciplinary hearing indicates "[Plaintiff] was observed by Officer Manuel in a fight with inmate Streeter." Doc. 4 at 6. While Plaintiff claims that Officer Manuel was a second arresting officer, the disciplinary report itself does reflect this. *Id.*

The Constitution itself does not give rise to a liberty interest in avoiding transfer to more adverse conditions of confinement. *See Meachum v. Fano*, 427 U.S. 215, 225 (1976) (no liberty interest arising from Due Process Clause itself in transfer from low to maximum-security prison because "[c]onfinement in any of the State's institutions is within the normal limits or range of custody which the conviction has authorized the State to impose"); *Olim v. Wakinekona*, 461 U.S. 238, 245-246 (1983) (a prisoner has no constitutional right to be confined in a particular institution and may be subjected to an interstate transfer without implicating the Constitution). Moreover, an inmate in the Alabama prison system has no constitutionally protected interest in the procedure affecting his classification level, the privileges bestowed upon him, or confinement in the least restrictive prison environment because the resulting restraints are not so severe that they exceed the sentence imposed upon him. *Sandin*, 515 U.S. at 485 ("Discipline by prison officials in response to a wide range of misconduct falls within the expected parameters of the sentence imposed by a court of law."). Thus, the deprivations about which Plaintiff complains, without more, do not "exceed the sentence [imposed by the trial court] in such an unexpected manner as to give rise to protection by the Due Process Clause of its own force." *Id*. at 484. This court must, therefore, determine whether the actions about which Plaintiff complains involve the deprivation of a state-created liberty interest as defined by the standard set forth in *Sandin*.

> As the Supreme Court noted,
>
> *Sandin* involved prisoners' claims to procedural due process protection before placement in segregated confinement for 30 days, imposed as discipline for disruptive behavior. *Sandin* observed that some of our earlier cases, *Hewitt v. Helms*, 459 U.S. 460, 103 S.Ct. 864, 74 L.Ed.2d 675 (1983), in particular, had employed a methodology for identifying state-created liberty interests that emphasized "the language of a particular [prison] regulation" instead of "the nature of the deprivation." *Sandin*, 515 U.S., at 481, 115 S.Ct. 2293. In *Sandin*, we criticized this methodology as creating a disincentive for States to promulgate procedures for prison management, and as involving the federal courts in the day-to-day management of prisons. *Id*., at 482-483, 115 S.Ct. 2293. For these reasons, we abrogated the methodology of parsing the language of particular regulations.

5

> "[T]he search for a negative implication from mandatory language in prisoner regulations has strayed from the real concerns undergirding the liberty protected by the Due Process Clause. The time has come to return to the due process principles we believe were correctly established in and applied in *Wolff* and *Meachum*. Following *Wolff*, we recognize that States may under certain circumstances create liberty interests which are protected by the Due Process Clause. But these interests will generally be limited to freedom from restraint which, while not exceeding the sentence in such an unexpected manner as to give rise to protection by the Due Process Clause of its own force, nonetheless imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Id*., at 483-484, 115 S.Ct. 2293 (citations and footnote omitted).
>
> After *Sandin*, it is clear that the touchstone of the inquiry into the existence of a protected, state-created liberty interest in avoiding restrictive conditions of confinement is not the language of regulations regarding those conditions but the nature of those conditions themselves "in relation to the ordinary incidents of prison life." *Id.,* at 484, 115 S.Ct. 2293.

*Wilkinson v. Austin*, 545 U.S. 209, 222-23 (2005).

Applying the *Sandin* inquiry, the court concludes that Plaintiff's temporary loss of privileges, assignment to segregation, and recommendation for an increased security classification under the circumstances described, "though concededly punitive, do[] not represent a dramatic departure from the basic conditions" of the sentence imposed upon him. *Id*. at 485. Plaintiff does not allege or show that the loss of privileges, his confinement on segregation, or the recommendation for reclassification subjected him to "atypical and significant hardship … in relation to the ordinary incidents of prison life." *Sandin*, 515 U.S. at 484. Because Plaintiff has not alleged deprivation of a protected liberty interest, his complaint fails to state a due process claim. *See* id. at 487; *Griffin v. Vaughn*, 112 F.3d 703, 706 (3d Cir. 1997).

**C. Cruel and Unusual Punishment**

Plaintiff alleges a violation of the Eighth Amendment regarding his August 2016 disciplinary proceedings. He claims that he was "railroaded on behalf of the other inmate" who was not subjected to punishment or discipline, and that he was subjected to double jeopardy by an

6

arresting officer who, he maintains, gave testimony about the August 23, 2016, incident but was not at the hearing. Doc. 1 at 3; Doc. 4 at 3.

The Eighth Amendment proscribes those conditions of confinement that involve the wanton and unnecessary infliction of pain. *Rhodes v. Chapman*, 452 U.S. 337 (1981). Only actions which deny inmates "the minimal civilized measure of life's necessities" are grave enough to violate the Eighth Amendment. *Id.* at 347; *see also Wilson v. Seiter*, 501 U.S. 294 (1991). The matters about which Plaintiff complains regarding his August 2016 disciplinary proceedings do not allege a sufficiently grave deprivation to rise to the level of a constitutional violation. Consequently, Plaintiff's Eighth Amendment claim is subject to dismissal as frivolous under 28 U.S.C. § 1915(e)(2)(B)(i). *See Neitzke v. Williams*, 490 U.S. 319, 327 (1989).

### D. Verbal Abuse

To the extent Plaintiff complains that Defendant Tate violated his constitutional rights by subjecting him to verbal abuse, he is entitled to no relief. Derogatory, demeaning, profane, threatening or abusive comments made by an officer to an inmate, no matter how repugnant or unprofessional, do not rise to the level of a constitutional violation. *See Hernandez v. Fla. Dep't of Corr.*, 281 Fed. Appx. 862, 866 (11th Cir. 2008) (holding that inmate's claim of "verbal abuse alone is insufficient to state a constitutional claim"); *Edwards v. Gilbert*, 867 F.2d 1271, 1274 n.1 (11th Cir. 1989) (mere verbal taunts, despite their distressing nature, directed at inmate by jailers do not violate inmate's constitutional rights); *Sims v. Hickok*, 185 F.3d 875 (10th Cir. 1999) (district court's summary dismissal of inmate's complaint for failure to state a claim appropriate because officer's insults and racial slurs did not amount to a constitutional violation); *Siglar v. Hightower*, 112 F.3d 191, 193 (5th Cir. 1997) (verbal abuse, even if racially or ethnically motivated, does not give rise to a cause of action under § 1983); *Northington v. Jackson*, 973 F.2d 1518, 1524 (10th Cir. 1992) (mere threats, even to inmate's life, made by guard do not satisfy the

objective component of the Eighth Amendment as verbal threats and harassment are "necessarily excluded from the cruel and unusual punishment inquiry...."); *Gaul v. Sunn*, 810 F.2d 923, 925 (9th Cir. 1987) (Eighth Amendment trivialized by assertion that mere threat constitutes a constitutional wrong).

Plaintiff fails to state a cognizable claim regarding Defendant Tate's use of verbally abusive language. This claim is, therefore, due to be dismissed under 28 U.S.C. § 1915(e)(2)(B)(ii).

### E. Violation of Agency Regulations

Plaintiff alleges that Defendants violated administrative regulations regarding issuance of the disciplinary against him for violating Rule #910, and Defendant Tate violated agency regulations by subjecting him to verbal abuse. Doc. 1 at 3; Doc. 1-1 at 1; Doc. No. 4 at 2, 4. Infringements of agency rules, regulations or procedures do not, standing alone, amount to constitutional violations. *See Davis v. Scherer*, 468 U.S. 183, 194 (1984) (recognizing that allegations of a violation of statutory or administrative provisions did not provide the basis for a claim of violation of a constitutional right); *Magluta v. Samples*, 375 F.3d 1269, 1279 n. 7 (11th Cir. 2004) (mere fact governmental agency's regulations or procedures may have been violated does not, alone, raise a constitutional issue); *Myers v. Klevenhagen*, 97 F.3d 91, 94 (5th Cir. 1996) (claim that prison officials have not followed their own policies and procedures does not, without more, amount to a constitutional violation); *United States v. Caceres*, 440 U.S. 741, 751-752 (1979) (mere violations of agency regulations do not raise constitutional questions); *Weatherholt v. Bradley*, 316 F. App'x 300, 303 (4th Cir. 2009) (same); s*ee also Riccio v. Cnty. of Fairfax*, 907 F.2d 1459, 1459 (4th Cir. 1990) (holding that if state law grants more procedural rights than the Constitution requires, a state's failure to abide by its law is not a federal violation).

Plaintiff's challenge to Defendants' violation of agency regulations does not rise to the level of a constitutional violation. The claims, therefore, provide no basis for relief in this 42 U.S.C. § 1983 action and are subject to dismissal under 28 U.S.C. § 1915(e)(2)(B)(ii).

## II. CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge this case be DISMISSED with prejudice prior to service of process under 28 U.S.C. § 1915(e)(2)(B)(i) & (ii).

It is

ORDERED that Plaintiff's pleading captioned *Supporting Evidence of Claim*, considered as a motion to supplement the complaint (Doc. 4), is GRANTED.

It is further

ORDERED that **on or before March 22, 2017**, Plaintiff may file an objection. Any objection filed must specifically identify the factual findings and legal conclusions in the Magistrate Judge's Recommendation to which Plaintiff objects. Frivolous, conclusive or general objections will not be considered by the District Court.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar a party from a *de novo* determination by the District Court of factual findings and legal issues covered in the report and shall "waive the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions" except upon grounds of plain error if necessary in the interests of justice. 11th Cir. R. 3-1; *see Resolution Trust Co. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989).

DONE, on this the 8th day of March, 2017.

/s/ Susan Russ Walker
Susan Russ Walker
United States Magistrate Judge